IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

**EXHIBIT 1**

| | |
|---|---|
| MARIA E. MARKOWITZ CROY, ~~Individually and as Personal Representative~~ of the Estate of JAMES PAUL MARKOWITZ, Deceased; and AALIYAH BRITTANY SOTO, as Next Friend of P.J.M. a Minor Child,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | Civil Case No. DR:22-CV-005-AM-VRG |

## DECLARATION OF RUBEN CASTILLO

I, Ruben Castillo, pursuant to 28 U.S.C. § 1746 depose and say:

1. I am a Border Patrol Agent (BPA)/Emergency Medical Technician (EMT) assigned to the Brackettville Station (BRA) in Brackettville, Texas, for United States Customs and Border Protection, Department of Homeland Security (CBP), and have held this position since 12/13/07 ___.

2. In this capacity, I serve as an Immigration Officer enforcing the Immigration laws of the Immigration and Nationality Act, as well as assist other Border Patrol Agents located in the Del Rio Sector of CBP.

3. One such responsibility is to enforce the prohibition against noncitizen smuggling (8 U.S.C. § 1324). Additionally, BPA's have a responsibility to the welfare of all detainees in CBP custody.

4. On February 4, 2020, while performing these duties, I assisted with the processing of James Paul Markowitz (Markowitz) for investigation for involvement with a noncitizen smuggling event.

5. At the Brackettville Station, at approximately 6:10 p.m., I observed Markowitz pacing back and forth in his detention cell. He appeared in distress and combative, so I attempted to make contact with him to conduct a medical assessment.

6. At 6:11 p.m., I approached the cell door and asked if I could conduct a medical assessment on him, to which he complied. I retrieved my equipment and entered the cell at 6:17 p.m. He stated that he was going through withdrawals from using "Ice," and when I asked if he was referring to methamphetamine, he confirmed "yes." He also stated he was claustrophobic.

7. I attempted to take his vitals, but he could not stay still. He slapped my hand away when I attempted to take his pulse. He said he wanted to get out of the cell. At 6:20 p.m., he was restrained with handcuffs for safety and moved to an outside holding area so that his condition could improve.

8. I attempted to give Markowitz oxygen to calm him down, but he ripped the non-rebreather mask off and said I was trying to drug him. At 6:21 p.m., I was able to take his pulse rate (200 BPM) and decided to wait a few minutes to see if his withdrawal symptoms would subside. After a few minutes, his symptoms did not subside and I concluded he was not suffering from withdrawals or claustrophobia. At 6:25 p.m., I advised other agents to contact an ambulance.

9. At 6:30 p.m., per medical protocol, I administered .4 ml of Naloxone subcutaneously via nose nostril. I laid Markowitz in a recovery position, but his symptoms did not improve. At 6:38 p.m., I administered another dose of .4 ml of Naloxone via nose nostril. At that time, Kinney County EMS arrived on scene. At 6:39 p.m., I transferred care to Kinney County Paramedics and assisted with the transport of Markowitz to Val Verde Regional Medical Center.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of October, 2022.

                                                    Ruben Castillo
                                                    Border Patrol Agent
                                                    U.S. Customs and Border Protection
                                                    Brackettville, Texas