**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

FILED

OCT 02 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MARIA E. MARKOWITZ CROY, **Individually and as Personal Representative of the Estate of JAMES PAUL MARKOWITZ, Deceased; and AALIYAH BRITTANY SOTO, as Next Friend of P.J.M., a Minor Child,** Plaintiffs, | § § § § § § § § § § § § | Civil Action No. **DR-22-CV-00005-AM/VRG** |
| v. | | |
| **UNITED STATES OF AMERICA,** Defendant. | | |

## <u>ORDER</u>

Pending before the Court is the Report and Recommendation of the Honorable Victor R. Garcia, United States Magistrate Judge. (ECF No. 49.) As explained below, the Court **ADOPTS** the Report.

## I. PROCEDURAL BACKGROUND

Maria E. Markowitz Croy ("Croy"), as an individual and as personal representative of the estate of James Markowitz ("Markowitz"), and Aaliyah Brittany Soto, as next friend of P.J.M., a minor ("Soto"), (collectively, "the Plaintiffs"), commenced this action on February 2, 2022, when they filed a Complaint against the United States of America ("Defendant"). (ECF No. 1.). The Plaintiffs alleged negligence under the Federal Tort Claims Act ("FTCA"), among other claims. (ECF No. 1.) This Court referred this action to Judge Garcia on February 2, 2022. On November 21, 2022, the Plaintiffs moved for leave to amend their Complaint (ECF No. 31), which Judge Garcia granted. (ECF No. 32.) On November 22, 2022, the Plaintiffs filed their First Amended Complaint, which streamlined the original Complaint. (ECF No. 33.) The First Amended Complaint raises four causes of action: (1) negligence under the FTCA; (2) failure to train and

supervise under the FTCA; (3) survivor's cause of action under Texas law; and (4) wrongful death under Texas law. (ECF No. 33.)

On December 6, 2022, the Defendant filed a Motion to Dismiss the First Amended Complaint. (ECF No. 35.) The Plaintiffs filed a response on January 6, 2023 (ECF No. 41), and the Defendant replied on January 31, 2023. (ECF No. 48.) On May 1, 2023, Judge Garcia entered his Report and Recommendation. (ECF No. 49.) On May 15, 2023, the Defendant filed objections to the Report. (ECF No. 50.) The Plaintiffs raised no objections to the Report, but they responded to the Defendant's objections on May 26, 2023. (ECF No. 51.) On June 2, 2023, the Defendant filed a sur reply. (ECF No. 52.)

## II. FACTUAL BACKGROUND

It is alleged in the First Amended Complaint that on February 4, 2022, Customs and Border Protection ("CPB") agents stopped James Markowitz ("Markowitz") while he was alone in his vehicle near Brackettville, Texas. (ECF No. 33 at ¶ 7.) Markowitz surrendered immediately, and was arrested at approximately 3:30 p.m. (*Id.*) Markowitz "was taken into the CBP's care, custody and control." (*Id.* at ¶ 11.) "While in ICE custody . . . CBP agents observed that Markowitz was in distress" at approximately 6 p.m., but "CBP agents did not summon an ambulance until approximately 6:26 p.m." (*Id.* at ¶ 8.) Shortly before midnight, Markowitz was pronounced dead at the Val Verde Regional Medical Center while in CPB custody. (*Id.* at ¶ 6.) Markowitz was survived by his mother, Croy, and infant daughter P.J.M., "who was born approximately six months after his death." (*Id.*) An autopsy on Markowitz's body "revealed the presence of methamphetamine and cocaine, as well as a clear plastic baggie which he is believed to have ingested while in CPB custody." (*Id.* at ¶ 9.)

The First Cause of Action alleges negligence under the FTCA.  (*Id.* at 3.)  CPB agents are required to follow U.S. Customs and Border Protection's National Standards on Transport, Escort, Detention and Search ("Policy") Sections 4.3 and 4.10.  (*Id.* at ¶¶ 13-14.)[1]

Policy Section 4.3 states in relevant part:

> Upon a detainee's entry into any CBP hold room, officers/agents must ask detainees about, and visually inspect for any sign of injury, illness, or physical or mental health concerns and question the detainee about any prescription medications.  Observed or reported injuries or illnesses should be communicated to a supervisor, documented in the appropriate electronic system(s) of record, and appropriate medical care should be provided or sought in a timely manner.  (ECF No. 41 at 14.)

Policy Section 4.10 also states in relevant part:

> Emergency medical services will be called immediately in the event of a medical emergency (e.g., heart attack, difficulty breathing) and the call will be documented in the appropriate electronic system(s) of record.  Officers/Agents must notify the shift supervisor of all medical emergencies as soon as possible after contacting emergency services.  (*Id.* at 17.)

It is alleged that CBP agents "failed to screen Markowitz and monitor his health while he was in their custody, care and control" as evidenced by an agent being called to observe Markowitz at 6 p.m., even though Markowitz was in custody since 3:30 p.m."  (ECF No. 33 at ¶ 14.)  The CPB agent allegedly observed Markowitz in "medical distress" at 6 p.m., but emergency medical care was not called until 6:26 p.m. "when it was too late."  (*Id.*)  Among other things, CBP agents failed "to evaluate and treat Markowitz's serious medical risks and needs . . . failed to recognize signs and symptoms of drug intoxication; failed to adequately supervise Markowitz; failed to

---

[1] Although the Policy was attached to the Plaintiff's response to the Defendant's Motion to Dismiss rather than the First Amended Complaint, the Court reviews this language because the First Amended Complaint references it. *Caldera v. Bank of N.Y. Mellon*, No. 17-CV-116, 2017 WL 10841722 at *1, *3 (W.D. Tex. Apr. 11, 2017) (allowing outside material on a Rule 12(b)(6) motion to dismiss because it was referenced in the complaint); *see also Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed App'x 775, 783 (5th Cir. 2007) ("It is well known that when 'matters outside the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence.").

provide or obtain medical treatment for Markowitz; and . . . failed to provide or obtain medical treatment to Markowitz when he was requesting treatment . . . [and] failed to monitor Markowitz's condition by not paying attention to video images of Markowitz in custody and/or failed to monitor his condition after arrest. (*Id.* at ¶¶ 15-17.) The Plaintiffs seek compensatory damages "[a]s a direct and proximate result of" the Defendant's violations. (*Id.* at ¶ 18.) The Plaintiffs claim that the Defendant's acts and omissions were negligent under Texas law, and the FTCA makes the Defendant liable for same. (*Id.* at ¶¶ 19-20.)

The Second Cause of Action alleges a failure to train and supervise under the FTCA. (*Id.* at 5.) "Defendant failed to adequately train and supervise its CBP agents regarding: 1) the required National Standards; 2) recognizing signs and symptoms of drug intoxication; 3) adequate supervision of un-handcuffed detained persons; 4) providing or obtaining medical treatment for detained persons; and 5) providing or obtaining medical treatment to individuals in custody requesting treatment." (*Id.* at ¶ 22.) "Defendant's deliberate indifference in failing to train based on the obviousness of the need for training has resulted in a number of claims, including Markowitz's." (*Id.* at ¶ 22.) The Defendant, through its policies and practices along "with deliberate, callous, and conscious indifference[,] failed to implement" the policies and practices needed to adequately provide and assist Markowitz "during his struggle to survive while in custody" and instead implemented policies and practices that "actually interfered with or prevented Markowitz from receiving the protection, assistance, and care he deserved." (*Id.* at ¶ 25.) "Defendant knew that it was acting against the clear dictates of current law, and knew that as a direct consequence of its deliberate decisions," Markowitz's death "in all reasonable probability would occur." (*Id.* at ¶ 26.) Again, the Plaintiffs allege that the Defendant's previously mentioned

violations directly and proximately caused the Plaintiffs to sustain compensatory damages. (*Id.* at ¶ 28.)

The Third Cause of Action is the survivors' causes of action. (*Id.* at 6.) Specifically, Croy raises this claim as Markowitz's surviving parent, and Soto raises this claim on behalf of the minor, who is Markowitz's surviving child. (*Id.* at ¶ 30.) The claim alleges that the Defendant's wrongful conduct caused Markowitz's death, and Markowitz "would have been entitled to bring this action against Defendant if he had lived." (*Id.* at ¶¶ 31-33.) "The Decedent's right of action for wrongful and negligent conduct against the Defendant survive in favor of the heirs, legal representatives, and the estate of the Deceased," and "Defendant is liable to Plaintiffs for the loss of Markowitz's life and pain and suffering," for which the Plaintiffs seek compensatory damages. (*Id.* at ¶¶ 33-34.)

Lastly, the Fourth Cause of Action is a wrongful death claim. (*Id.* at 7.) This claim alleges that the Defendant's conduct, which caused Markowitz's death, also resulted in "loss of a family relationship, love, support, services, emotion [sic] pain and suffering, and for their acts and infliction of emotional distress," for which the Plaintiffs seek compensatory damages. (*Id.* at ¶¶ 37-38.) The Plaintiffs also allege other damages related to these claims. (*Id.* at 7-8.)

## III. STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition . . ." of a motion. 28 U.S.C. § 636(b)(1)(B). Federal law provides in relevant part:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made.   A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  *Id.* § 636(b)(1).

"Under the plain language of 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and all of the relevant cases, a district court must engage in *de novo* review where a party has objected to a magistrate[ judge's] decision.  However . . . the 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate only where there has been no objection to the magistrate[ judge's] ruling."  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  "The clearly erroneous or contrary to law standard of review is highly deferential and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches a definite and firm conviction that a mistake has been committed.  The clearly erroneous standard does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently."  *Singh v. Wal-Mart Stores, Inc.*, No. 18-CV-1120, 2021 WL 706774, at *1 (W.D. Tex. Feb. 23, 2021) (citations and quotation marks omitted).

Frivolous, conclusory, or general objections can be ignored.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996), *abrogated on other grounds* 28 U.S.C. § 636(b)(1).  If a party fails to timely file written objections to the report and recommendation, that party cannot obtain appellate review of unobjected-to proposed factual findings and legal conclusions that the district court accepts. *Wallace v. Mississippi*, 43 F.4th 482, 495 (5th Cir. 2022).  Arguments that are raised for the first time after a report and recommendation is filed are generally waived unless they concern subject matter jurisdiction.  *See, e.g., Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018); *Star v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 19-CV-053-DC,

2021 WL 8055635, at *3 (W.D. Tex. Feb. 18, 2021) ("Because a challenge to the Court's subject matter jurisdiction may never be forfeited or waived, the Court must consider [the Defendant's] new argument regarding subject matter jurisdiction.").

## IV. ANALYSIS

The Defendant objects to four recommendations from the Report and Recommendation. Specifically, the Defendant objects to the recommendations that: (1) the discretionary function exception does not apply to the negligence claim based on the untimely contact of emergency services ("negligence claim") under Rule 12(b)(1); (2) the negligence claim should not be dismissed under Rule 12(b)(6);[2] (3) the wrongful death claim should not be dismissed under Rule 12(b)(6); and (4) the survival claim should not be dismissed under Rule 12(b)(6).  (ECF No. 50 at 3, 6-7, 8-9, 12-14.)  These objections are reviewed de novo, while all other portions of the Report are subject to the "clearly erroneous, abuse of discretion and contrary to law" standard. *Wilson*, 864 F.2d at 1221.  In this case, the Court finds no clear error in those portions of the Report to which no one objected.

The Court has reviewed the portions of the Report and Recommendation and approves of the findings of Judge Garcia, as discussed below.   The Defendant's four objections are thus overruled.

### A. Rule 12(b)(1) Objection and the Negligence Claim

The Report and Recommendation finds that the Rule 12(b)(1) motion to dismiss the negligence claim under the FTCA's discretionary function exception should be denied for two reasons.  First, Policy Section 4.10 creates a non-discretionary duty because (1) it covers when an

---

[2] Although the Report and Recommendation appears to suggest that one claim concerns a failure to provide timely medical care (ECF No. 49 at 14-15) and another claim concerns the failure to timely contact emergency services (ECF No. 49 at 13-14), these claims are one and the same.

agent must act (i.e., immediately) and what agents must do (i.e., contact emergency services and notify a shift supervisor), and (2) although agents can use their discretion to define a medical emergency like in *Dorsey v. Relf*, 559 Fed. App'x 401, 403 (5th Cir. 2014), the policy in this case lacks "the same discretionary, i.e. sufficiency, language as the policy in *Dorsey*." (ECF No. 49 at 13.) Second, even if Section 4.10 is discretionary, the decision concerning when to contact medical services is not the type of decision that the discretionary function exception intends to prevent because like in *Carcamo-Lopez v. Does 1 through 20*, 865 F. Supp. 2d 736 (W.D. Tex. 2011), the main consideration here was Markowitz's health and the agents did not need to weigh allocating scarce resources or confronting a broad emergency situation.'" (ECF No. 49 at 14.)

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," which is the plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). "The district court . . . has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[3]

---

[3] The Defendant contends that it objected to the Magistrate Judge's decision not to consider the affidavit attached to the Defendant's Motion to Dismiss because the Defendant incorporated the affidavit into its objection. (ECF No. 52 at 4 n.2.) The Defendant's contention is wrong because it provided no specific objection to that part of the Report. *Battle*, 834 F.2d at 421. Regardless, the affidavit can be considered, but need not be, because a court is not mandated to review material outside the pleadings. *State of Ala. ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973) ("[A] District Court **may** consider outside matter attached to a motion to dismiss without first converting it into a motion for summary judgment if the material is pertinent to the question of the District Court's jurisdiction since it is always

"The FTCA waives the United States' sovereign immunity in tort claims brought against any government employee acting in the scope of his employment." *Barron v. United States*, 31 F.4th 347, 349 (5th Cir. 2022) (citing 28 U.S.C. § 1346(b)(1)). "'But sovereign immunity is *not* waived if the government employee is 'perform[ing] a discretionary function or duty on the part of a federal agency.'" *Id.* (quoting 28 U.S.C. § 2680(a)). "Two conditions must be met for this exception to apply. First, the conduct in question must be 'discretionary in nature.'" *Id.* (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). "To be discretionary, an action must involve 'an element of judgment or choice.'" *Id. at* 350 (quoting *Gaubert*, 499 U.S. at 322). "A function is not discretionary if a government regulation requires a particular action because, in that case, 'the employee has no rightful option but to adhere to the directive.'" *Id.* (quoting *Gaubert*, 499 U.S. at 322). On the other hand, a function is discretionary if the applicable rule "leaves it to a federal agency or employee to determine when and how to take action." *MS Tabea Schiffahrtsgesellschaft MBH & Co. KG v. Bd. of Comm'rs. of Port of New Orleans*, 636 F.3d 161, 166 (5th Cir. 2011). "[O]nce the government has made a decision to act the government is responsible for acts negligently carried out even though discretionary decisions are constantly made as to how those acts are carried out." *Wysinger v. United States*, 784 F.2d 1252, 1253 (5th Cir. 1986); *see also Rise v. United States*, 630 F.2d 1068, 1072 (5th Cir. 1980) (finding that the discretionary function did not apply where the government, after blood testing the plaintiff and then believing that it could not provide adequate care, referred the plaintiff to a healthcare provider

---

the obligation of a federal court to determine if it has jurisdiction.") (emphasis added); *see also Green v. Forney Eng'g Co.*, 589 F.2d 243, 246-47 (5th Cir. 1979) (suggesting that the court has discretion to decide matters outside the pleadings on motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted). The Magistrate Judge correctly outlined and applied the law concerning whether the affidavit could be considered under Rule 12(b)(1) and Rule 12(b)(6). (ECF No. 49 at 5-6). Accordingly, the Court finds no error in the Magistrate Judge's decision not to consider the affidavit, and this Court will focus only on the First Amended Complaint for both branches of the motion to dismiss.

because the government agreed to undertake medical care, which meant that the government accepted responsibility for rendering that care non-negligently).

"Second, the conduct must be 'of the kind that the discretionary function exception was designed to shield.'" *Barron*, 31 F.4th at 349-50 (quoting *Gaubert*, 499 U.S. at 322-23). Specifically, the decision in issue must be "grounded in social, economic, or public policy." *Schiffahrtsgesellschaft*, 636 F.3d at 166. "Because the purpose of the exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy." *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010) (quotation marks and citations omitted). "If a regulation allows employee discretion, the regulation creates a 'strong presumption' that the discretionary act authorized by the regulation involves the same policy considerations that led to the creation of the regulation." *Davis v. United States*, 597 F.3d 646, 650 (5th Cir. 2009) (per curiam) (quoting *Gaubert*, 499 U.S. at 324). "In light of this presumption, to survive a motion to dismiss based on the discretionary function exception, a complaint 'must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime'. . . . In determining whether the exception bars a suit against the Government, our focus is on the nature of the action taken and whether that action is susceptible to policy analysis." *Schiffahrtsgesellschaft*, 636 F.3d at 166 (quoting *Gaubert*, 499 U.S. at 324-25). "Decisions about 'when, where, and how to allocate limited resources within the exigencies of an emergency' are the types of policy decisions protected by the discretionary function exception." *Id.* (quoting *Freeman v. United States*, 556 F.3d 326, 328, 341-43 (5th Cir. 2009) (involving Hurricane Katrina recovery efforts)). Detention

facility administrators also have discretion to regulate their facilities. *See Overton v. Bazzetta*, 539

U.S. 126, 132 (2003).

The United States Court of Appeals for the Fifth Circuit stated:

> [A]s virtually every act of a government employee involves at least
> a modicum of choice, we must exercise restraint when applying the
> discretionary function exception. If courts were not to exercise
> restraint, the government would be insulated from nearly all tort
> liability, thereby frustrating the very purposes that motivated
> enactment of the FTCA - a classic example of the exception
> swallowing the rule. *Johnson v. Sawyer*, 980 F.2d 1490, 1502 (5th
> Cir. 1992), *vacated on other grounds*, 47 F.3d 716 (5th Cir. 1995)
> (citation and quotation marks omitted) (cleaned up).

Here, the discretionary function exception does not apply to this claim. First, the Court

"must exercise restraint when applying the discretionary function exception." *Johnson*, 980 F.2d

at 1502. Second, even if Policy Section 4.10 includes an element of judgment, the failure to timely

contact emergency services implicates no relevant public policy considerations. The Defendant

"had only one issue to consider, namely, Plaintiff's health." *Carcamo-Lopez*, 865 F. Supp. 2d at

758. Based on the First Amended Complaint, which states that Markowitz was in the Defendant's

custody when agents observed Markowitz "in distress," the Defendant did not need to weigh the

allocation of scarce resources. *Id.*; ECF No. 33 at ¶¶ 8, 11. Ultimately, the Defendant's decision

involved "merely the execution of a safety policy chosen by higher level officials, albeit one

requiring discretion to implement," as well as "the question of the best course of action from a

medical perspective." *Carcamo-Lopez*, 865 F. Supp. 2d at 757-758. Third, although *Carcamo-*

*Lopez* is not binding precedent, it applies to the alleged facts in this case because both cases involve

individualized medical attention. Although binding Fifth Circuit cases like *Freeman* suggest that

the discretionary function usually applies in the context of emergencies, those cases involved mass

emergencies, like Hurricane Katrina recovery efforts. 556 F.3d at 328; *see also Davis*, 597 F.3d

at 649.   Fourth and finally, if the discretionary function exception applied to the decision
challenged here, "the government could never be liable for . . . negligence under the FTCA, which
is not the case." *Carcamo-Lopez*, 865 F. Supp. 2d at 756-57 (discussed in the context of medical
negligence); *see also Wysinger*, 784 F.2d at 1253 ("[O]nce the government has made a decision to
act the government is responsible for acts negligently carried out even though discretionary
decisions are constantly made as to how those acts are carried out.").   The Defendant has
discretion, but it is not absolute.  Accordingly, the Rule 12(b)(1) motion to dismiss the negligence
claim under the discretionary function exception shall be denied.

The Defendant contends for the first time that even if the discretionary function exception
does not apply, the Court still lacks subject matter jurisdiction because the Defendant's decision
concerning timely care for Markowitz falls under two Texas emergency care statutes, which
involve a level of negligence that is punitive and thus barred under the FTCA.  (ECF No. 50 at 12-
13 (citing Tex. Civ. Prac. & Rem. Code §§ 74.151-.152)).  This argument is not waived because it
concerns subject matter jurisdiction. *Star*, 2021 WL 8055635, at *3.  One statute states in relevant
part that "[a] person who in good faith administers emergency care is not liable in civil damages
for an act performed during the emergency unless the act is wilfully or wantonly negligent." Tex.
Civ. Prac. & Rem. Code § 74.151(a); *Howell v. City of Towing Assoc.*, 717 S.W.2d 729, 731 (Tex.
App. 1986) (finding a driver directed to call emergency services was not providing emergency
care under Section 74.151's predecessor statute); *see also Rosell v. Cent. W. Motor Stages, Inc.*,
89 S.W.3d 643, 658 (Tex. App. 2002) (stating that *Howell* found that "telephoning or radioing for
emergency medical assistance at scene of accident or emergency by tow truck driver not act
included within meaning of 'administering emergency care' as set out in statute"); *Eoff v. Hal &
Charlie Peterson Found.*, 811 S.W.2d 187, 192 (Tex. App. 1991) (finding no emergency care

under Section 74.151's predecessor statute where witnesses helped transport the plaintiff to the emergency room). The other statute states in relevant part that "[p]ersons not licensed or certified in the healing arts who in good faith administer emergency care as emergency medical service personnel are not liable in civil damages for an act performed in administering the care unless the act is wilfully or wantonly negligent." *Id.* § 74.152. The term "emergency medical care" has a unique meaning, which entails diagnosis and treatment. *Id.* § 74.001(a)(7); *Crocker v. Babcock*, 448 S.W.3d 159, 165 (Tex. App. 2014). Willful or wanton negligence is gross negligence. *See, e.g.*, *Ho v. Johnson*, No. 09-15-00077-CV, 2016 WL 638046, at *11 (Tex. App. Feb. 18, 2016). Gross negligence requires conscious indifference, which is punitive and thus prevents jurisdiction under the FTCA. *Salas v. United States*, No. DR-22-CV-00007-AM, 2023 WL 2753895, at *3 (W.D. Tex. Mar. 31, 2023) (citing 28 U.S.C. § 2674).

Here, neither statute applies because the Court has found no case law establishing that contacting emergency services entails providing emergency care under these statutes. *See, e.g.*, *Howell*, 717 S.W.2d at 731; ECF No. 33 at ¶¶ 13-14. Therefore, the Defendant's Rule 12(b)(1) motion to dismiss the negligence claim under this jurisdictional argument shall be denied.

### *B. Rule 12(b)(6) Objections*

The Defendant's three remaining objections to the Report are under Rule 12(b)(6). Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotations, and alterations omitted); *accord Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 696 (quoting *Twombly*, 550 U.S. at 557). Instead, '[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. That is, there must be "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'shown' that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quotation omitted). Therefore, the complaint must be liberally construed in a plaintiff's favor, all reasonable inferences must be drawn in favor of a plaintiff's claims, and the factual allegations of the

complaint must be taken as true. *See Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986).

In ruling on a Rule 12(b)(6) motion to dismiss, courts generally should not go beyond the pleadings, and must limit their inquiry to the facts stated in the complaint. *See* Fed. R. Civ. P. 12(d); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Thus, to evaluate a Rule 12(b)(6) motion to dismiss, a court may consider: (1) the pleadings and any attachments to the pleadings, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); (2) documents incorporated into the complaint by reference, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); (3) documents that a defendant attaches to its motion to dismiss if those documents are referred to in a plaintiffs complaint and are central to a plaintiffs claim, *see Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); (4) matters of public record, *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); and (5) information subject to judicial notice. *Dorsey*, 540 F.3d at 338.

### 1. Negligence Claim

The Report states that the Rule 12(b)(6) motion to dismiss the negligence claim should not be dismissed because (1) although not elaborate, the First Amended Complaint alleges that Markowitz was in the Defendant's custody when he was in medical distress; (2) the Defendant's agents allegedly waited nearly 30 minutes to call emergency services; (3) the Defendant's alleged failure to timely contact emergency services caused Markowitz to die, as well as other harm to the Plaintiffs; and (4) reasonable inferences must favor the plaintiffs on a motion to dismiss. (ECF No. 49 at 14-15).

Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Local law,

15

which in this case is Texas law, must apply. *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995). The elements of a negligence claim in Texas are: (1) duty; (2) breach of that duty; and (3) damages proximately caused from that breach. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see also Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017). A detention center owes a duty of reasonable care to a detainee. *See generally Jackson v. Ford*, No. A-10-CA-522-SS, 2012 WL 12882850 (W.D. Tex. Mar. 21, 2012), *aff'd* 544 Fed. App'x 268 (5th Cir. 2013) (context of correctional facility).

Here, the Plaintiffs sufficiently allege negligence based on a failure to timely contact emergency services. First, the Plaintiffs allege that Markowitz was in the Defendant's custody when he was found in "medical distress." (ECF No. 33 at ¶ 8.) Although the phrase "medical distress" is undefined, the First Amended Complaint must be liberally construed in the Plaintiffs' favor. *Campbell*, 781 F.2d at 442. This allegation sufficiently establishes that the Defendant owed a duty to Markowitz. *Jackson*, 2012 WL 12882850, at *2. Second, the Plaintiffs allege that a duty was breached because they allege that the Defendant, through its agents, waited nearly 30 minutes after Markowitz was found in distress to contact emergency services. (ECF No. 33 at ¶¶ 8, 14.) Third, the Plaintiffs, by inference, allege that Markowitz died from the delayed care. (ECF No. 33 at ¶ 14.) This allegation supports proximate cause. Fourth, the Plaintiffs allege that they sustained damages, especially as they are the mother and child of decedent Markowitz. (ECF No. 33 at ¶¶ 39-40.). Fifth and finally, the Defendant waived its argument characterizing this claim as a medical malpractice claim because it failed to raise it in its Motion to Dismiss. *See, e.g.*, *Firefighters' Ret. Sys.*, 898 F.3d at 559. Therefore, this negligence claim shall not be dismissed under Rule 12(b)(6).[4]

---

[4] Contrary to the Defendant's contention, the argument concerning medical malpractice is not analyzed under Rule 12(b)(1). *See D.A. v. United States*, No. EP-22-CV-00295-FM, 2023 WL 2619167, at *6-16, *17-18 (W.D. Tex. Mar.

**2. Survival Claim**

The Report states that the survival claim should not be dismissed under Rule 12(b)(6) because (1) a survival claim is a decedent's personal injury claim favoring the decedent's heirs, legal representatives, and estate and (2) the Plaintiffs alleged a negligence claim on behalf of Markowitz in their capacity as Markowitz's heirs and as Markowitz's estate's personal representative.  (ECF No. 49 at 15.)

Texas law states that "[a] cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury."  Tex. Civ. Prac. & Rem. Code § 71.021(a).  "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person.   The action survives against the liable person and the person's legal representatives." *Id.* § 71.021(b).  "To file a survival action, the claimant must plead the elements of the decedent's cause of action and" their authority to prosecute the suit.  *Davis v. Bills*, 444 S.W.3d 752, 757 (Tex. App. 2014).  "[T]he claimant must prove a death and the occurrence of a wrongful act . . . If the alleged wrongful act is negligence, the claimant must establish that the defendant's negligent act or omission was a substantial factor in bringing about the decedent's death, and without it, the death of the decedent would not have occurred." *Id.*

Here, the Plaintiffs sufficiently allege a survival claim.  First, the Plaintiffs include Markowitz's mother and child.  *Davis*, 444 S.W.3d at 757; ECF No. 33 at ¶¶ 6, 30.  Second, as previously discussed, the Plaintiffs allege that the Defendant was negligent, and that that negligence caused Markowitz's death.  (ECF No. 33 at ¶¶ 8, 14, 39-40.)  Therefore, the survival claim shall not be dismissed under Rule 12(b)(6).

---

23, 2023) (publication pending) (discussing medical negligence claim in the Rule 12(b)(6) context rather than the subject matter jurisdiction context).

### 3. Wrongful Death Claim

The Report states that the wrongful death claim should not be dismissed under Rule 12(b)(6) because (1) a wrongful death claim imposes liability on a person who negligently injured another, which resulted in death and (2) the Plaintiffs allege that the Defendant's negligence caused Markowitz's death. (ECF No. 49 at 15-16.)

Under Texas law, "[a] person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." Tex. Civ. Prac. & Rem. Code § 71.002(b). Thus, the elements of a wrongful death claim are (1) "wrongful or negligent conduct of the defendant" and (2) "proximate cause resulting in death." *Schippers v. Mazak Props., Inc.*, 350 S.W.3d 294, 298 (Tex. App. 2011). A wrongful death claim "is for the exclusive benefit of the" decedent's parents and children. *Id.* § 71.004(a).

Here, the Plaintiffs sufficiently allege a wrongful death claim. The Plaintiffs include Markowitz's mother and child. *Id.*; ECF No. 33 at ¶ 6. Moreover, as previously discussed, the Plaintiffs alleged that the Defendant was negligent, and that that negligence caused Markowitz's death. (ECF No. 33 at ¶¶ 8, 14, 39-40.) Therefore, the wrongful death claim shall not be dismissed under Rule 12(b)(6).

## V. CONCLUSION

Accordingly, the Report (ECF No. 49) is **ADOPTED** and **APPROVED** in full. The

Defendant's Motion to Dismiss [ECF No. 35] is **DENIED**.

SIGNED and ENTERED on this 2nd day of October 2023.

ALIA MOSES
Chief United States District Judge